IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-CR-20461-JEM

UNITED STATES OF AMERICA,

                    Plaintiff,

VS.

MILDREY GONZALEZ and
MILKA YARLIN ALFARO,

                    Defendant.

_____/

**MOTION TO CORRECT SENTENCE UNDER RULE 35(A)**

  Defendants Mildrey Gonzalez and Milka Yarlin Alfaro, by and through undersigned counsel,

file the following Motion to Correct Sentence under Rule 35(a), and in support thereof state:

  1. On June 14, 2017, Ms. Gonzalez and Ms. Alfaro were sentenced before this Court.

Ms. Gonzalez was sentenced to 135 months imprisonment on Counts One and Two in the above-

styled case, to be served consecutively with the 37 month sentence previously imposed in Case No.

16-20507-CR-Moore.  DE:245.  Ms. Alfaro was sentenced to 151 months imprisonment on Count

One in the above-styled case, to be served consecutively with the 37 month sentence previously

imposed in Case No. 16-20507-CR-Moore.  DE:246.

  2. Pursuant to Rule 35, a district court "may correct a sentence that resulted from

arithmetical, technical, or other clear error" within 7 days after sentencing.  Fed.R.Crim.P. 35(a).

Clear error under Rule 35(a) has been defined by the Eleventh Circuit as "those obvious errors that

result in an illegal sentence or that are sufficiently clear that they would ... 'almost certainly result

in a remand of the case to the trial court for further action.' " *United States v. Lett*, 483 F.3d 782, 788

(11th Cir.2007) (quoting Fed.R.Crim.P. 35 advisory committee's note).

3.      Here, the court clearly erred in imposing a sentence for the instant offense to run consecutively to the remainder of the undischarged term of imprisonment in Case No. 16-20507. *See* U.S.S.G. § 5G1.3(b).  Section 5G1.3(b) states that where a defendant is serving an undischarged term of imprisonment for an offense "that is relevant conduct to the instant offense," then "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(2).  The Eleventh Circuit has therefore concluded that "whenever a defendant is subject to an undischarged sentence imposed for criminal activity that section 1B1.3 treats as relevant conduct, section 5G1.3(b) directs the court to impose a sentence that runs concurrently to the undischarged sentence." *United States v. Fuentes*, 107 F.3d 1515, 1521 (11th Cir. 1997).

4.      Thus, § 5G1.3 and § 1B1.3 "interact to protect a criminal defendant from duplicative prosecutions. . . These sections seek 'to provide one, uniform punishment for the same criminal activity.'" *United States v. Bidwell*, 393 F.3d 1206 (11th Cir. 2004) (quoting *Fuentes*, 107 F.3d at 1522); *see also United States v. Swan*, 275 F.3d 272, 277 (3d Cir. 2002) ("Section 5G1.3(b) appears to be aimed at the situation in which, unless the sentences were concurrent, the defendant would be serving two sentences for essentially the identical offense.").  Section 5G1.3 is one of the "safeguards built into the Sentencing Guidelines [that] protect against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct." *Witte v. United States*, 515 U.S. 389, 405, 115 S. Ct. 2199, 2209 (1995).

4.       In *United States v. Fuentes*, 107 F.3d 1515, after determining that the undischarged sentence was imposed for criminal activity that was relevant conduct under § 1B1.3, the court found "that the district consequently erred in concluding that section 5G1.3(b) does not require the instant

sentence to run concurrently to the state sentence."[1] As Ms. Alfaro and Ms. Gonzalez's undischarged sentence was similarly imposed for criminal activity that section 1B1.3 treats as relevant conduct, it was error for the correct not to impose a sentence that runs concurrently to the undischarged sentence.

5.     "When evaluating whether two or more offenses are part of the same course of conduct as provided for under U.S.S.G. §1B1.3, the sentencing court should consider the degree of similarity between the offenses, the regularity (repetition) of the offenses, and the time interval between the offenses. U.S.S.G. § 1B1.3, cmt. n. 9(B); *see also Fuentes*, 107 F.3d. at 1525.

6.     Here, the discharged sentence in this case was imposed for bulk cash smuggling.  The government and the Court agreed at Sentencing that the bulk cash smuggling was relevant conduct to the fraud for which Ms. Alfaro and Ms. Gonzalez were being sentenced in this case:

> AUSA Miller: . . .it's part of the same criminal activity and criminal spree that was ongoing. . . , it's part of the same activity as defined by the guidelines. Factors the guidelines direct courts to look to include proximity in time, similarity of accomplices here. It's the exact same accomplices, although, you know, Mr. Alonso, the father of Ms. Alfaro's child was also involved in the bulk cash events, but he did also have some nexus to the fraud events, too. He opened shell corporations, and was not charged with that, but he was an accomplice in both offenses.
> . . .

---

[1] In the version of the guidelines in effect at the time of the sentencing in *Fuentes*, the relevant guideline dictated that a federal sentence run concurrently to an "undischarged term of imprisonment resulted from offense(s) that have fully been taken into account in determining the guideline range for the instant offense. . . "  107 F.3d at 1521.  The *Fuentes* court found that this required the court to analyze whether the undischarged sentence was imposed for criminal activity that § 1B1.3 treats as relevant conduct.  *Id.* at 1521.  Section 5G1.3 has since been amended to dictate that a federal sentence run concurrently to an undischarged term of imprisonment which "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of 1B1.3 (relevant conduct)."  U.S.S.G. § 5G1.3.  Thus, even though the language has changed, the relevant inquiry has not: whether the offense from the undischarged term of imprisonment is relevant conduct to the instant offense.

THE COURT: And the fact that the fraud was over a 10- or 11-year period, whereas, this was after coming back to bring money back into the United States for whatever purpose.

AUSA Miller: The Government would not construe it's after the fraud had been completed, though. The fraud was still ongoing at that time, and it was part of, arguably, the money laundering events with which the defendants in this case were also charged, concealing proceeds of the ongoing fraud was part of the scheme charged in this indictment, in this case.

And the defendants had not withdrawn from the conspiracy as of June 2016 and, in fact, the charged conspiracy period in the superseding indictment does include June 2016. So the Government's view is that the conspiracy had not, in fact, ended with.

More significantly, the law doesn't require that it be part of the same conspiracy or the events of conviction in order to be considered relevant conduct. Again, the Government views it most relevant that it's part of the same string of criminal activity, and "criminal activity" is the wording used in the guidelines, not "offense [of] conviction."

THE COURT: So I should not give them extra points for that criminal activity, but I can consider it as relevant conduct; is that what you're saying?

AUSA MILLER: That's correct, Your Honor.
. . .

THE COURT: All right. I'll go along with that.  Everybody seems to think that, I'm not sure that it's so, but I'm not sure that it makes an awful lot of difference.

Sentencing Transcript at 8-10.  Thus, the government made clear the bulk cash smuggling was relevant conduct to the fraud conspiracy and the Court agreed.

7.     Because the undischarged term of imprisonment resulted from bulk cash smuggling, which is relevant conduct to the instant offense of conviction, then under § 5G1.3, "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."  U.S.S.G. § 5G1.3(b)(2); *see also Fuentes*, 107 F.3d at 1526.  Failure to impose a concurrent sentence was therefore error.  *See id.*

Seitles & Litwin, P.A.

8.     The Eleventh Circuit's finding in *Fuentes*, that it was error to sentence a defendant to a concurrent sentence, when the undischarged term of imprisonment was for an offense that is relevant conduct to the instant offense, establishes that this is a clear error under Rule 35(a) as it would "almost certainly result in a remand of the case to the trial court for further action." *Lett*, 483 F.3d at 788 (quoting Fed.R.Crim.P. 35 advisory committee's note).

WHEREFORE, Defendants request that this Court correct the error in sentencing and impose a sentence for the instant offense which runs concurrently (and not consecutively) to the remainder of the undischarged term of imprisonment in Case No. 16-20507-CR-Moore as required by § 5G1.3(b).

Respectfully submitted,

/s/ Marc David Seitles
Marc David Seitles
Fla. Bar No. 0178284

/s/ Ashley Litwin
Ashley Litwin
Fla. Bar No. 096818

**Seitles & Litwin, P.A.**
Courthouse Center
40 N.W. 3rd Street
Penthouse One
Miami, FL 33128
Tel: (305) 403-8070
Fax: (305) 403-8210
Email: mseitles@seitleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2017, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to: Assistant United States Attorney Lisa Miller.

/s/ Marc David Seitles
Marc David Seitles, Esq.